**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE LOCAL UNION NO. 98, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Civil Action No.: 11-4579 |
| | : | |
| RGB SERVICES, LLC, et al. | : | |
| | : | |
| Defendants | : | BENCH TRIAL DEMANDED |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES

### JURISDICTION AND VENUE

1.   Denied.  The action speaks for itself in its entirety.

2-3.   Denied.  Said averment is a conclusion of law to which no response is required.

### THE PARTIES AND RELATED ENTITIES

4-6.   Denied.  After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment and therefore, said averment is expressly denied and strict proof thereof is demanded at the time of trial.  By way of further answer, said averment is a conclusion of law to which no response is required.

7.   Admitted in part; denied in part.  It is admitted solely that RGB Services, LLC is a limited liability company for profit established and with a principal place of business as averred.  It is admitted that RGB provided electrical services to the public.  It is admitted that RGB regularly conducts business within Philadelphia County.  The balance of the averment is denied – it is specifically denied that RGB acted by and through its fully authorized employees, agents, workers and/or representatives acting within the scope of their employment as related to this Action.

8. Admitted in part; denied in part. It is admitted that Metsikas is an adult individual having waived service of process. It is admitted that Metsikas was a principal of RGB. The balance of the averment is denied – specifically, it is denied that Metsikas was an agent, servant, and employee of Defendant RGB and/or acted within the course and scope of his employment with RGB as relates to this action.

## GENERAL ALLEGATIONS

9. No response is required.

10-20. Denied. All writings speak for themselves in their entirety.

21. Denied. All writings speak for themselves in their entirety. By way of further answer, it is expressly denied that Defendants are "delinquent."

22. Denied.

## COUNT I

23. No response is required.

24-25. Denied. Said averment is a conclusion of law to which no response is required.

26-27. Denied. Said averment is a conclusion of law to which no response is required. By way of further answer, said averment is expressly denied.

28-30. Denied. Said averment is a conclusion of law to which no response is required. By way of further answer, said averment is expressly denied. Moreover, all writings speak for themselves in their entirety.

WHEREFORE, Defendants respectfully request this Honorable Court enter judgment in Defendants' favor and against Plaintiffs together with attorney's fees and costs.

## COUNT II

31. No response is required.

32. Denied as stated. "Director" is not defined and as such, no response can be afforded – therefore, said averment is denied.

33. Denied.

   (a)-(bbbbbb). Denied.

34-35. Denied.

36. Denied. Said averment is a conclusion of law to which no response is required. By way of further answer, any liability alleged on behalf of Defendant is expressly denied and strict proof thereof is demanded at the time of trial.

37-38. Denied. Said averment is a conclusion of law to which no response is required. By way of further answer, any liability alleged on behalf of Defendant is expressly denied and strict proof thereof is demanded at the time of trial. By way of further answer, all writings speak for themselves in their entirety.

39. Denied.

   WHEREFORE, Defendants respectfully request this Honorable Court enter judgment in Defendants' favor and against Plaintiffs together with attorney's fees and costs.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs' claims are or may be barred, in whole or in part, by the statute of limitations.

3. Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel and/or judicial estoppel.

4. Plaintiffs have failed to exhaust administrative remedies as required by law as to some or all of its claims.

5. Plaintiffs' claims are barred because it is in breach of any alleged contract between the parties.

6. Plaintiffs' claims are barred by their own inequitable conduct.

7. Plaintiffs' claims are barred by their waiver and/or bad faith.

8. Defendants incorporate by reference all defenses available to them under ERISA, pleading same as affirmative defenses instantly as if fully set forth at length herein.

9. Plaintiffs' Complaint fails to comply with the pleading requirements of FRCP 8 and/or 9 consistent with Twombly/Iqbal.

WHEREFORE, Defendants respectfully request this Honorable Court enter judgment in Defendants' favor and against Plaintiffs together with attorney's fees and costs.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE LOCAL UNION NO. 98, et al. | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | Civil Action No.: 11-4579 |
| | : | |
| RGB SERVICES, LLC, et al. | : | |
| | : | |
| Defendants | : | BENCH TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 6th day of February, 2012, a true and correct copy of the foregoing Defendants' Answer to Plaintiffs' Complaint with Affirmative Defenses was served via e-filing upon the following parties:

Steven F. Marino, Esq.
Marino & Associates, P.C.
301 Wharton Street
Philadelphia, PA 19147

                                              **WEISBERG LAW, P.C.**

                                              /s/ Matthew B. Weisberg
                                              Matthew B. Weisberg, Esquire
                                              Attorney for Defendants