# EXHIBIT 13

UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOCAL UNION NO. 98<br>INTERNATIONAL BROTHERHOOD OF<br>ELECTRICAL WORKERS, et al.<br><br>                          Plaintiffs<br>         v<br><br>RGB SERVICES, LLC, et al.<br><br>                          Defendants | :<br>:<br>:   Civil Action No. 11-4579<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**AFFIDAVIT OF MARCO RIVERA IN SUPPORT OF PLAINTIFFS'
MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT PURSUANT TO RULE 56
OF THE FEDERAL RULES CIVIL PROCEDURE**

I, Marco Rivera, of full age, being first duly sworn according to law upon his oath does say and depose:

1. I am a former employee of defendant RGB Services, LLC.

2. I was employed by defendant RGB Services, LLC continuously during the calendar years 2006 until July 24, 2009, and performed duties of a teledata mechanic.

3. The duties and responsibilities associated with my employment with defendant RGB Services, LLC and my affiliations with defendant Michael Metsikas permitted me to gain an understanding and familiarity of the business dealings and management of RGB Services, LLC.

4. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas was a principal of defendant RGB Services, LLC, maintained managerial responsibilities and was the sole person authorized to exercise financial decision on

behalf of the RGB Services, LLC.

5. I have knowledge and information formed after reasonable investigation that any officer or director of defendant RGB Services, LLC other than defendant Michael Metsikas was non-functioning.

6. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas engaged in a regular and routine practice of commingling the assets of the defendant RGB Services, LLC with his own personal funds and used company funds to satisfy personal expenses.

7. I have knowledge and information formed after reasonable investigation that defendant RGB Services, LLC was merely a facade for the operations of the defendant Michael Metsikas.

8. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas in the furtherance of a fraudulent scheme to subvert ERISA and deprive the Local Union No. 98 multi-employer benefit funds of contributions tendered company funds to a Lisa Miller who was never employed by defendant RGB Services, LLC or performed work related services on behalf of RGB Services, LLC. Lisa Miller was the spouse of an employee of defendant RGB Services, LLC, Robert Miller, who was actively collecting unemployment compensation payments during the time period he was earning wages as a result of his employment as teledata technician with defendant RGB Services, LLC. Defendant Michael Metsikas engaged in a scheme to further unemployment compensation fraud and conceal the payroll expense associated with the RGB Services, LLC's employment Robert

Miller who performed covered work by paying wages earned by Robert Miller to his spouse Lisa Miller.

9. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy personal expenses by tendering company funds to a Rodolofo Naranjo who was never employed by defendant RGB Services, LLC or performed work related services on behalf of RGB Services, LLC. Payments of company funds to Rodolofo Naranjo represent compensation of Rodolofo Naranjo for construction work performed at the personal residence of defendant Michael Metsikas 831 Welch Road, Philadelphia, PA.

10. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy personal expenses by tendering company funds to a Neboa Saudana who was never employed by defendant RGB Services, LLC or performed work related services on behalf of RGB Services, LLC. Payments of company funds to Neboa Saudana represent compensation of Neboa Saudana for construction work performed at the personal residence of defendant Michael Metsikas 831 Welch Road, Philadelphia, PA.

11. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy non-legitimate business related expenses by tendering company funds to a Thomas Citro. Thomas Citro was not an employee of defendant RGB Services, LLC. Thomas Citro was a building inspector who defendant Michael Metsikas used company funds to bribe with intent to collect favorable opinions and

encourage the overlooking of code violations.

12. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas in the furtherance of a fraudulent scheme to subvert ERISA and deprive the Local Union No. 98 multi-employer benefit funds of contributions defendant Michael Metsikas tendered company funds to Aracelis Acosta. Aracelis Acosta is my sister who was never employed by defendant RGB Services, LLC or performed work related services on behalf of RGB Services, LLC.

13. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to purchase a vehicle designated for his own personal use and enjoyment by tendering company funds to CARS BPN.

14. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy the cost and expense associated with his patronage of gentlemen clubs, hotels stays and non-related business entertainment.

15. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy personal expenses by tendering company funds to a Mary Ellen Milanese. I have knowledge and information that Mary Ellen Milanese is a family member of defendant Michael Metsikas. I have knowledge and information that Mary Ellen Milanese was never employed by defendant RGB Services, LLC or performed work related services on behalf of RGB Services, LLC.

16. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy personal expenses by tendering

company funds to the City of Philadelphia to satisfy debts associated with personal parking infractions.

17. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy personal expenses by tendering company funds to a Steve White who was never employed by defendant RGB Services, LLC or performed work related services on behalf of RGB Services, LLC. Payment of company funds to Steve White represent expenses and costs associated with personal real estate business dealings which defendant Michael Metsikas jointly ventured with Steve White.

18. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy personal expenses by tendering company funds to an Eduardo Saldana who was never employed by defendant RGB Services, LLC or performed work related services on behalf of RGB Services, LLC.

19. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy personal expenses by tendering company funds to a Nelly Saldana who was never employed by defendant RGB Services, LLC or performed work related services on behalf of RGB Services, LLC. Nelly Saldana is the spouse of Eduardo Saldana. Payments of company funds to a Nelly Saldana represents money utilized by Nelly Saldana to satisfy bail imposed by the court upon Eduardo Saldana as a result of his arrest for criminal behavior.

20. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy personal expenses by tendering

5

company funds to a Delaware Quarries to satisfy the cost of gravel bed in the personal residence defendant Michael Metsikas.

21. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy personal expenses by tendering company funds to a Delaware Quarries to satisfy the cost of gravel utilized in business construction ventures that did not advance the business interest of RGB Services, LLC.

22. I have knowledge and information formed after reasonable investigation that defendant Michael Metsikas used company funds to satisfy personal expenses by tendering company funds to a Gessika Serrano who was never employed by defendant RGB Services, LLC or performed work related services on behalf of RGB Services, LLC.

23. I have knowledge and information formed after reasonable investigation that the defendant Michael Metsikas siphoned funds of defendant RGB Services, LLC during the calendar year of 2006 by making company checks numbers 4502, 4537, 4541, 4547, 4554, 4561, 4568, 4586, 4573, 4576, 4604, 4612, 4642, 4664, 4684, 4712, 4730, 4737, 4740, 4744, 4751, 4759, 4777, 4799, 4827, 4839, 4852, 4861 payable to himself.

24. I have knowledge and information formed after reasonable investigation that the defendant Michael Metsikas siphoned funds of defendant RGB Services, LLC during the calendar year of 2007 by making company checks numbers 4886, 4921, 4940, 4943, 4949, 4954, 4967, 4980, 4990, 4996, 5041, 5059, 5064, 5067, 5098, 5103, 5124, 5129, 5150, 5162, 5176, 5216, 5237, 5251, 5283, 5269, 5296, 5347, 5333 payable to himself.

25. I have knowledge and information formed after reasonable investigation that the

defendant Michael Metsikas siphoned funds of defendant RGB Services, LLC during the calendar year of 2008 by making company checks numbers 5379, 5511 payable to himself.

26. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

Dated: 8/1/12            By: _____
                             Marco Rivera