**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE LOCAL UNION NO. 98 et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| RGB SERVICES, LLC et al., | : | No. 11-4579 |
| Defendants. | : | |

**TIMOTHY R. RICE**                                                                                                 August 21, 2013
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM OPINION

Plaintiffs, the Local Union 98 International Brotherhood of Electrical Workers and the individual trustees of five multi-employer benefit funds (collectively "Plaintiffs"), were the prevailing parties in a lawsuit filed against Defendants RGB Services, LLC ("RGB") and Michael Metsikas, owner and principal of RGB (collectively "Defendants"), for violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). They now seek an award of $81,542.56 in attorney's fees and $10,700.36 in costs pursuant to ERISA. See Pls.' Pet. for Attny's Fee & Litg. Costs ("Pls.' Pet.") (doc. 81). Defendants object to the petition.[1] See Defs.' 1st Obj. (doc. 73); Defs.' 2nd Obj. (doc. 86).

I will grant in part, and deny in part, Plaintiffs' petition requesting attorney's fees and costs, and award $77,280.85 in attorney's fees and $10,592.60 in costs.

---

[1] Plaintiffs' first petition for attorney's fees, which Defendants objected to, was denied without prejudice. See 7/3/13 Order (doc. 79). Defendants also filed objections to Plaintiffs' second petition, which incorporates by reference the objections made to Plaintiffs' first petition, and elaborates on some of the same points. See Defs.' 2nd Obj. at 3.

## I. Attorney's Fees Under ERISA

I have discretion to "allow a reasonable attorney's fee and costs" to a party who has achieved some degree of success in a case. See 29 U.S.C. § 1132(g)(1); Hardt v. Reliance Standard Life Ins. Co., 130 S. Ct. 2149, 2157 (2010). The following policy factors guide this determination:

> (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorneys' fees; (3) the deter[r]ent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position.

Nat'l Sec. Sys., Inc. v. Iola, 700 F.3d 65, 103-04 (3d Cir. 2012) cert. denied, 133 S. Ct. 1812 (2013) (quoting Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir. 1983)). These factors "'are not requirements in the sense that a party must demonstrate all of them . . . , [rather] they are elements a court must consider in exercising its discretion.'" In re Unisys Corp. Retiree Med. Benefits ERISA Litig., 579 F.3d 220, 239 (3d Cir. 2009) (quoting Fields v. Thompson Printing Co., 363 F.3d 259, 275 (3d Cir. 2004)).

Here, Defendants acted in bad faith in breaching the commercial agreements with Plaintiffs by failing to: (a) make fund contributions; and (b) participate in the payroll compliance review to collect delinquent contributions. This is the second lawsuit Plaintiffs filed in an attempt to collect the delinquent contributions. The union funds, for which Plaintiffs are trustees, would have received a benefit had Defendants contributed to the funds, as required. Although Defendant RGB filed for bankruptcy, see Mot. for Reconsideration & Stay (doc. 77), Defendant Metsikas remains personally liable for the judgment through the piercing the corporate veil doctrine. See Findings of Fact, Conclusions of Law (doc. 68). Defendants do not contend Metsikas is unable to pay the requested amount. Plaintiffs successfully asserted their

claims against both Defendants. Furthermore, awarding fees would deter Defendants, and others, from future unlawful violations of ERISA. Thus, awarding fees and costs pursuant to ERISA is appropriate.

**II.    Calculation of Attorney's Fees**

A party seeking attorney's fees and costs must submit evidence supporting the hours worked and rates claimed. United Auto. Workers Local 259 Soc. Sec. Dept., v. Metro Auto Ctr., 501 F.3d 283, 291 (3d Cir. 2007). Specificity is crucial in requesting, challenging, and granting attorney's fees. Id. A fee petition must be accompanied by "'fairly definite information as to hours devoted to various general activities'" and the attorney's hours expended. Id. (quoting Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 361 (3d Cir. 2001)). "'Where the documentation of hours is inadequate, the district court may reduce the award accordingly.'" Id. (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)).

Once a reasonable amount of hours is determined, I use a lodestar approach by multiplying those hours by a reasonable hourly rate. Hensley, 461 U.S. at 433; Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3d Cir. 2008). Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the community. Washington v. Phila. Ct. of Common Pleas, 89 F.3d 1031, 1035 (3d Cir. 1996). The party seeking attorney's fees must produce sufficient evidence of what constitutes a reasonable market rate for the character and complexity of the legal services rendered. Id.; see also Skretvedt v. E.I. Du Pont De Nemours Co., 262 F. Supp. 2d 366, 377 (D. Del. 2003) ("It is the movant's burden under 29 U.S.C. § 1132(g) to establish the reasonableness of the rate sought, particularly since ERISA matters involve litigation that varies along a continuum from the very simple to the extremely complex.") (citation and quotation marks omitted).

I "may not sua sponte reduce a § 502(g) request for attorneys' fees." Bell v. United Princeton Props., Inc., 884 F.2d 713, 719 (3d Cir. 1989). The party opposing the fee petition may challenge, by affidavit or brief with sufficient specificity, the reasonableness of the requested fee. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). Once objections are raised, I maintain discretion to adjust the fee award in light of those objections. Id.

Excessive, redundant, and unnecessary hours should be excluded. Hensley, 461 U.S. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.") (emphasis omitted). Fee petitions must "be subject to a thorough and searching analysis," requiring courts reviewing them to "go line, by line through the billing records supporting the fee request." Evans, 273 F.3d at 362 (internal question marks omitted).

Plaintiffs' counsel claims it expended the following hours at the specified rates: (1) Attorney Steven Marino, 331.38 hours at $225; and (2) Legal Assistant David McMurray, 82.13 hours at $85. See Pls.' Pet. at 3-4. The lodestar amount totals $81,542.56. Id. Plaintiffs' counsel also seeks $10,700.36 in miscellaneous costs. See Timesheet (doc. 81-8) at 21.

**III.     Defendants' Objections**

1. Lack of Evidence to Support the Rates and Hours

Defendants argue Plaintiffs' fee petition provides an insufficient accounting of the requested hours and rates. Defs.' 1st Obj. at 3.

Based upon their amended fee petition, Plaintiffs have provided sufficient supporting information. See 7/13/13 Order (doc. 79) (denying first petition and allowing an amended petition with additional specific information). Plaintiffs have: (1) attached affidavits from Attorney Marino and McMurray explaining their billed time, and a declaration from attorney

William Josem outlining his ERISA experience and opinion as to the requested hourly rates; (2) cited cases approving similar legal billing rates in Philadelphia; and (3) clarified the timesheet documenting the hours expended on litigation. See Pls.' Pet. Thus, I will not strike the petition pursuant to Defendants' objection due to lack of evidence.

Defendants also object to Attorney Marino's $225 hourly rate,[2] arguing it should be reduced to $200, and assert that McMurray's $85 hourly rate should be stricken. Defs.' 1st Obj. at 3. They claim Attorney Marino is a general practitioner with no specific expertise in federal ERISA actions, who handles mostly state personal injury, family court, and criminal defense matters. Id. Defendants further contend the cases Plaintiffs cite do not demonstrate that Attorney Marino has considerable experience in ERISA practice and were resolved prior to trial or in default judgment. Defs.' 2nd Obj. at 1.

Attorney Marino and McMurray attest that the rates they are requesting are reasonable in light of their skill and experience, and are consistent with prevailing market rates. See Affs. (docs. 81-4, 81-5). Plaintiffs also cite three cases from this district which have held that a $225 hourly rate is reasonable. See Pls.' Pet. (doc 81-7) (citing Carney v. Int'l Bhd. Of Elec. Workers Local Union 98 Pension Fund, 66 F. App'x 381 (3d Cir. 2003); Local Union No. 98 Int'l Bhd. Of Elec. Workers v. Riverview Elec. Const., No. 10-1168, 2011 WL 4948825 (E.D. Pa. Oct. 18. 2011); Mack Trucks, Inc., v. Int'l; Union, United Auto., Aerospace & Agric. Implement Workers of Am.—UAW, No. 07-3737, 2011 WL 4402136 (E.D. Pa. Sept. 22, 2011)).

Contrary to Defendants' argument, Plaintiffs cited those cases in support of the reasonableness of the requested hourly rate, not in support of the proposition that Attorney Marino is an experienced ERISA attorney. Furthermore, Plaintiffs have submitted sufficient

---

[2] In their first petition, Plaintiffs requested that Marino be paid $275 per hour. See Declaration of Counsel (doc. 60) at 1.

evidence, including the above case law and a declaration from an experienced ERISA practitioner, showing that Attorney Marino's and McMurray's requested rates are consistent with others in the community.[3] See Josem's Declaration. Finally, the courts in the cited cases determined a reasonable hourly rate without any reference to the litigation stage. See Carney, 66 F. App'x at 387; Local Union No. 98 Int'l Bhd. Of Elec. Workers, 2011 WL 4948825, at *3; Riverview, 2011 WL 4948825, at *3 (awarding attorney's fee and reimbursement expenses that included $85 for a paralegal's rate).

Attorney Marino's rate is also reasonable in light of his experience. In his affidavit, Attorney Marino explains he was admitted to the Pennsylvania bar in November 14, 1988, concentrated his practice in complex personal injury litigation and federal ERISA claims, and represented Plaintiffs' multi-employer benefit funds since 1999. See Marino Aff. at 2. Further, he was the only counsel in this case against Defendants. Id.

I conclude Attorney Marino's and McMurray's hourly rates are reasonable. See Becker v. ARCO Chemical, Co., 15 F. Supp. 2d 621, 628 (E.D. Pa. 1998) (appropriate rate is within the court's discretion where petitioner adequately supports rate sought and opposing party raises sufficiently specific objections).

2. Proportionality

In their second objection, Defendants argue the lodestar should be adjusted to be proportionate to the amount of Plaintiffs' judgment. See Defs.' 1st Obj. at 2 (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392 (3d Cir. 2004). I disagree. An award of

---

[3] Josem, an attorney who has practiced law for over thirty years and concentrated in representing labor unions and employee benefit funds, states in his declaration that he is familiar with the legal fees traditionally charged in this district for cases involving federal ERISA litigation and finds Attorney Marino's hourly rate is comparable to similarly situated lawyers in Philadelphia. See Josem's Declaration (doc. 81-6) at 2. He also explains that he believes McMurray's rate of $85 per hour is reasonable. See id.

6

attorney's fees and costs under ERISA does not have to be proportional to the relief Plaintiff obtained.[4]  See In re Unisys Corp. Retiree Med. Benefits ERISA Litig., 579 F.3d at 240 (citing Hahnemann Univ. Hosp., 514 F.3d at 311).  In any event, Plaintiffs achieved total success in all claims, and the fee petition is justified on that basis.

       3.   <u>Time Billed Before to Filing the Complaint</u>

Defendants argue that any time billed prior to the filing of the instant lawsuit on July 20, 2011 should be stricken.  Defs.' 1st Obj. at 4.  Plaintiffs' petition includes attorney's fees and costs associated with filing their first lawsuit against Defendants, which was ultimately dismissed without prejudice "based on defense counsel's representation that Defendants will participate fully in an audit to be conducted and completed by Plaintiffs."  Local Union No. 98 Int'l Bhd. of Elec. Workers v. RGB Serv., No. 10-3486 (doc. 21).  Defendants argue the complaint filed in the first dismissed lawsuit is the same as that filed in the second lawsuit, and the fees should be stricken as duplicative.  Id.  I disagree.

Plaintiffs' filed this case only after Defendants failed to comply with the audit, a condition of the first complaint's dismissal.  See id.  This second action, therefore, is a continuation of the first suit, both of which were part of Plaintiffs' effort to collect delinquent contributions.  Although there are some duplicative time entries related to both complaints, Plaintiffs are entitled to additional fees they incurred to reinstate the litigation process following Defendants' noncompliance with the audit.  Moreover, because Plaintiffs prevailed on all of their claims against Defendants from the first case, albeit in their second filing, they are entitled to those fees.  See Hardt, 130 S. Ct. at 2157.

---

[4]    Samuel-Bassett does not support Defendants' claim because it addressed a state court statute, not ERISA.  Id. at 401 (explaining proportionality between attorney's fees and damages under the Pennsylvania's Consumer Protection Law).

4. <u>Fees for Internal Communications, Memorandum, Drafts, Conferences, and Similar Entries</u>

Defendants object to the time expended by Attorney Marino and McMurray on internal communications, memorandum, drafts, conferences, and similar entries, claiming they lack supporting evidence, are not litigation events, are unnecessary, and are duplicative. Defs.' 1st Obj at 5. I agree that some of the entries are vague, unnecessary, or excessive and, therefore, strike those entries. See <u>Hensley</u>, 461 U.S. at 434; <u>Evans</u>, 273 F.3d at 362 (court must to go "line by line" through the relevant entries in the timesheet).

Several of Plaintiffs' time entries are inadequately documented, including entries for "inner office filings," "inner office meeting with paralegals," "update litigation report," and "t/c," or telephone conferences.[5] Timesheet at 1-21. Plaintiffs failed to provide any evidence of what purpose these served or how the entries related to litigation. There also is an entry for a

---

[5] These entries include the following: 4/8/10, .33333, $28.33; 6/15/10, .33333, $28.33; 6/16/10, .6, $135; 7/15/10, .33333; $28.33; 8/23/10; .3; $25.50; 8/23/10, .3, $67.50; 9/3/10, .33333, $28.33; 9/3/10, .33333, $28.33; 9/15/13, .2, 45; 9/16/10, .2, $45; 11/16/10, .3, $67.50; 11/23/10, .2, $45; 11/23/10, .1, $22.50; 2/17/11; .3, $67.50; 2/17/11, .33333, $28.33; 2/28/11, .33333, $28.33; 3/1/11, .4, $90; 3/15/11, .2, $17; 3/21/11, .33333, $28.33; 3/21/11, .33333, $28.33; 3/22/11, .2, $17; 3/29/11, .2, $17; 3/31/11, .33333, $28.33; 4/4/11, .2, $45; 4/4/11, .33333, $28.33; 4/4/11, .2, $45; 4/4/11, .33333, $28.33; 4/4/11, .2, $45; 4/19/11, .33333, $28.33; 7/19/11, .3, $25.50; 7/22/11, .33333, $75; 12/31/11, .33333, $28.33; 1/10/12, .33333, $28.33; 1/17/12, .3, $67.50; 1/23/12, .33333, $28.33; 1/28/12, .333333, $28.33; 2/7/12, .1, $8.50; 2/9/12, .33333, $28.33; 3/15/12, .33333, $28.33; 3/15/12. .6, $135; 3/20/12, .3, $25.50; 4/2/12, .33333, $28.33; 5/2/12, .2, $17; 5/3/12, .2, $17; 5/3/12, .33333, $28.33; 5/3/12, .3, $67.50; 5/22/12, .33333, $28.33; 5/25/12, .2, $17; 6/4/12, .33333, $28.33; 6/5/12, .3, $67.50; 6/7/12, .3, $67.50; 6/21/12, .2, $45; 6/22/12, .6, $135; 6/22/12, .4, $ 90; 7/2/12, .2, $45; 7/5/12, .3, $25.50; 7/6/12, .3, $25.50; 7/9/12, .2, $17; 7/17/12, .33333, $75; 7/17/12, .33333, $28.33; 7/17/12, .33333, $28.33; 7/31/12, .33333, $28.33; 8/1/12, .33333, $75; 8/1/12, .33333, $28.33; 8/1/12, .5, $42.50; 8/7/12, .5, $42.50; 8/8/12, .2, $17; 8/8/12, .33333, $28.33; 8/16/12, .3, $67.50; 8/17/12, .2, $45; 9/4/12, .33333, $28.33; 9/18/12, .33333, $28.33; 9/21/12, .33333, $28.33; 9/21/12, .33333, $28.33; 9/24/12, .3, $25.50; 9/24/12, .4, $34; 9/25/12, .33333, $75; 9/26/12, .2, $45; 9/27/12, .2, $45; 9/28/12, .2, $45; 9/28/12, .6, $51; 9/28/12, .7, $157; 10/2/12, .33333, $28.33; 2/1/13, .33333, $28.33; 3/7/13, .33333, $28.33; 3/9/13, .33333, $28.33; 4/9/13, .33333, $28.33; 4/22/13, .33333, $28.33.

"Bond Claim," which is equally vague. See id. at 1 (6/15/13, .4, $60). Because these entries are duplicative or vague, they are stricken.[6]

Other entries are excessive in light of the relatively minor tasks involved. See Ursic, 719 F.2d at 677 (an attorney must justify the expenditure of time in an efficient manner consistent with the experience that was reflected in the hourly rate). The time it took Attorney Marino to review this Court's scheduling order, review a notice of deposition, prepare a fax sheet, and review a minute entry are excessive and, thus, will be excluded from Plaintiffs' fee award. See Timesheet at 7, 14, 18, 20 (4/13/12, .3 hours, $67.50; 9/21/12, .3, $67.50; 2/25/13, .2 $45.00; 3/28/13, .2 hours, $45.00).

Further, the request for fees for hand delivering briefs and transcripts to the Court is unnecessary and will be excluded. See id. at 13, 20 (.5 hours, $42.50; 4/9/13, .75 hours, $63.75); Hensley, 461 U.S. at 434.

Although Defendants also object to the fees incurred for preparing memoranda and drafts, they will not be removed because these entries are specific, reasonable, and sufficiently connected to the litigation.

Finally, the cost for purchasing coffee is unreasonable and will be stricken from the requested costs. See Timesheet at 19 (2/26/13, $107.76).

Accordingly, 11.60 hours are subtracted from Attorney Marino's billable hours and 19.42 hours from McMurray's billable hours. This results in a combined reduction of $4,260.70 from the requested fee and $107.76 from costs.

---

[6] There is also a miscalculation in the 9/3/10 time entry for "Entry into inner office memo." See id. at 2. There is an entry for .33333 of an hour expended at a $85 per hour rate for $75.00, instead of $28.33. This has been corrected for my calculation of the appropriate fees.

5. Auditor's Costs

Finally, Defendants object to Plaintiffs' auditor's costs, explaining they should not be compelled to pay the costs for the auditor's attempt to calculate the correct delinquent contributions. Defs.' 1st Obj. at 5.

I awarded professional fees to Plaintiffs based on the commercial agreements with Defendants and under ERISA. See Commercial Agreement, Pl.'s Ex. 1, "Sound and Communication Agreement," at 19; 28 U.S.C. § 1132(g)(2)(E) (allowing other legal or equitable relied as the court deems appropriate). The auditor played a critical role in computing delinquent contributions for presentation at trial. I did not award additional fees for conducting the corrected reports consistent with my findings. Furthermore, Plaintiffs' fee petition does not include any request for the professional fees incurred for the corrected reports. Thus, this objection is meritless.

**IV. Conclusion**

For the reasons set forth above, I will award attorney's fees in the amount of $77,280.85 ($71,950.50 for Attorney Marino's fee, and $5,330.35 for McMurray's fee). Plaintiffs also are awarded costs of $10,592.60. Thus, Plaintiffs are entitled to a total fee award of $88,069.20.

An appropriate Order follows.